IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO D.R.D.P.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | Civil No. 1:26-cv-08347-MWJS<br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART<br><br>A# 209-387-266 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Sergio D.R.D.P.[1] entered the United States without inspection on an unknown date. Dkt. No. 5-1, at pg. 2. After being arrested by local law enforcement, Petitioner was transferred to the custody of Immigration and Customs Enforcement in September 2026. *Id.* at pg. 1. Although he has not been found to be a danger to the community or a flight risk at a bond hearing, Petitioner continues to be detained.

Petitioner now invokes this court's habeas jurisdiction arguing that his detention is unlawful under, among other things, the Immigration and Nationality Act. Dkt. No.

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

1, at pg. 7. Petitioner seeks an order granting his immediate release or a bond hearing. *Id.* at pg. 8.

This court and many others have granted relief in cases analogous to this one. *See, e.g.*, *Juana G.R.P. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-04406-MWJS, 2026 WL 1712375 (E.D. Cal. June 12, 2026); *Bertoldo B.F. v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-03634-MWJS, 2026 WL 1638322 (E.D. Cal. June 4, 2026); *Ixcox Chum v. Lyons*, No. 1:26-cv-02491-KES-EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court ordered Respondent to address the following issues: (1) whether Petitioner is subject to a final order of removal; (2) whether, in Respondent's view, Petitioner is subject to mandatory detention pursuant to any provision other than 8 U.S.C. § 1225(b)(2); (3) whether Petitioner was ever previously detained and released by immigration authorities; (4) if Petitioner was not previously detained and released, whether there are any factual or legal bases to distinguish this case from the many prior cases in which petitioners have been granted bond hearings, including *Juana G.R.P.* and *Bertoldo B.F.*; and (5) whether Petitioner previously received a bond hearing. Dkt. No. 3.

The court appreciates Respondent's timely and candid response. Dkt. No. 5. Respondent acknowledges that Petitioner is not subject to a final order of removal, and he has not received a bond hearing. *Id.* at pgs. 1–2. Respondent also acknowledges that Petitioner is detained under 8 U.S.C. § 1226(a), "[t]his case is not significantly distinguishable from the cases in which other petitioners have been granted a bond hearing," and Respondent "has no opposition to the [c]ourt ordering a bond hearing." *Id.*

Given the lack of any factual or legal issues in this case that would distinguish it from the prior cases that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part. Respondent is ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. Respondent shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing. If a bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available.

//

//

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: October 16, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge